O
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1627 DOC  Date: August 28, 2012
        CR 90-0565 DOC

Title: MAXWELL JOELSON V. UNITED STATES OF AMERICA

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                           None Present

**PROCEEDINGS: (IN CHAMBERS): ORDER DENYING PETITION FOR A WRIT OF AUDITA QUERELA AND ALL OTHER MOTIONS**

Before the Court are nine motions by *pro se* Petitioner Maxwell Joelson: (1) a Petition for a Writ of Audita Querela (Dkt. 1); (2) a Motion for Appointment of Counsel (Dkt. 4); (3) a Motion for Leave to Expand or Supplement Resentencing Court Record (Dkt. 5); (4) a Request for New Resentencing Proceedings (Dkt. 7); (5) a Motion for a Finding of Waiver by the Government (Dkt. 8); (6) a Motion for Leave to File an Oversized Supplement for Writ of Audita Querela (Dkt. 9); (7) a Motion for Leave to File an Oversized Supplement for Writ of Audita Querela (Dkt. 10); (8) a Supplemental Motion for Appointment of Counsel (Dkt. 11); and (9) a Supplemental Motion for Leave to Expand Court Record (Dkt. 12). After reviewing the motions and opposition the Court DENIES Petitioner's motions.[1]

## I. Background

In February of 1991, Petitioner Maxwell Joelson ("Petitioner") was convicted after a jury trial on four drug-trafficking counts: (1) conspiracy to import cocaine, in violation of 21 U.S.C. §§ 952 and 963; (2) conspiracy to possess and distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (3) aiding and abetting the importation of cocaine in violation of 21 U.S.C. § 2; and (4) possession of cocaine with intent to

---

[1] The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01627 DOC                                    Date: August 28, 2012
      CR 90-0565 DOC                                                                      Page 2

distribute, in violation of 21 U.S.C. § 821(a)(1). He was sentenced to concurrent life sentences on the four counts. Petitioner appealed, arguing that the district court erred by increasing his offense level by two levels pursuant to section 2D1.1(b)(2). The Ninth Circuit affirmed, but remanded for sentencing without the level increase. *United States v. Joelson*, 7 F.3d 174 (9th Cir. 1993). Petitioner then petitioned for certiorari, which was denied. *Joelson v. United States*, 510 U.S. 1019, 114 S.Ct. 620, 126 L.Ed.2d 584 (1993). On remand, the district court sentenced Petitioner to 360 month's imprisonment on each of the four counts to run concurrently. The Ninth Circuit affirmed the sentence. The Petitioner again petitioned for certiorari, which was denied on October 30, 1995. *Joelson v. United States*, 516 U.S. 955, 116 S.Ct. 405, 133 L.Ed. 2d 324 (1995).

Petitioner filed his first motion to vacate or correct his sentence under 28 U.S.C. § 2255 on May 13, 1996. The district court denied the motion and the Ninth Circuit affirmed. Petitioner has filed three applications for leave to file a second or successive petition with the most recent filed on May 23, 2011 which the Ninth Circuit denied on August 10, 2011.

On October 20, 2011, Petitioner filed a petition that he styled as a petition for a writ of audita querela under 28 U.S.C. §1651.

    **II.**    **Discussion**

Petitioner contends that his request for writ of autida querela is fundamentally sound due to the recent Supreme Court decision, *Pepper v. United States*, 131 S.Ct. 1229 (2011). The government contends that Petitioner's writ of audita querela is merely a disguised 28 U.S.C. § 2255 motion which must be dismissed because Petitioner is barred from bringing a second § 2255 motion. The Court agrees with the Government.

        **a. Petitioner's Petition for a Writ of Audita Querela Should be Raised In a Motion Pursuant to § 2255**

"A federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of audita querela when that challenge is cognizable under § 2255 because . . . there is no 'gap' to fill in the postconviction remedies." *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001). "In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000) "A prisoner may not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01627 DOC　　　　　　　　　　　　　　　Date: August 28, 2012
　　　　　CR 90-0565 DOC　　　　　　　　　　　　　　　　　　　　Page 3

circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs." *Valdez-Pacheco*, 237 F.2d at 1080.

　　　　Petitioner seeks to have the court apply retroactively the decision in *Pepper v. United States*, 131 S.Ct. 1229 (2011). In *Pepper*, the Supreme Court held that when a defendant's sentence has been set aside on appeal, a district court may consider evidence of the defendant's postsentencing rehabilitation at resentencing. 131 S.Ct. at 1236. Petitioner's claims are cognizable in a § 2255 motion to vacate his conviction and sentence and therefore the writ of audita querela is not available to him. For these reasons the Court construes the petition for a writ of audit querela as a 28 U.S.C. § 2255 motion.

### b.　Petitioner is Barred from Bringing a Second § 2255 Motion

　　　　Petitioner concedes that he is unable to bring a § 2255 motion in this instance. In order to bring a second or successive § 2255 motion, Petitioner must first obtain an "order authorizing the district court to consider the application" from the court of appeals. 28 U.S.C. §2244 (b)(3)(A). Petitioner is aware of this requirement. Petitioner applied to the Ninth Circuit for authorization to file a second or successive § 2255 motion and was denied. There is no evidence or indication that Petitioner has received authorization to file a second or successive § 2255 motion in this instance. Therefore, the § 2255 motion must be denied without the court of appeals authorization.

### c.　Petitioner's Subsequent Motions are Without Merit

　　　　Because Petitioner's Petition for a Writ of Audita Querela is denied, all other motions are also DENIED.

### IV.　Disposition

　　　　For the foregoing reasons, the Court DENIES Plaintiffs' Petition for a Writ of Audita Querela and all other associated Motions.

MINUTES FORM 11
CIVIL-GEN　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk : jcb